## (May 9, 1961)

■ MAUDE H. HILL, Appellant, v. HUDSON VIEW GARDENS, INC., Respondent.— Judgment unanimously reversed on the law, on the facts and in the exercise of discretion and a new trial ordered, without costs. The 82-year-old plaintiff-appellant was present in court during the first day of the trial, but she did not appear on the following day at which it had been understood her testimony would be taken. Plaintiff's counsel advised the court that she was "unable to come because she did not feel well, because yesterday was too much for her, had pain in the hip and pain in the legs and she was tired and worn out, and I attempted to bring her down here". The court interrupted to tell counsel to "Call your next witness". Later in the proceeding, counsel undertook to read, and the court excluded on objection, the deposition of plaintiff "taken pursuant to notice before an order of the court." This is the only description we find in the record concerning this deposition. If it had been taken by defendant as an adverse party or taken "pursuant to stipulation", either party would have been entitled to read it (Civ. Prac. Act, §§ 303, 304). A deposition of another witness had been read earlier in the trial taken "pursuant to notice and stipulation"; and if plaintiff's deposition had been taken in the same

manner her counsel should have been permitted to read it. He would have been entitled to read it also upon showing that due to "sickness" or also "other infirmity" she was unable to "travel to and appear at" court (§ 304). Plaintiff's counsel asked time to retain a physician to examine plaintiff and lay the necessary foundation; and this was refused by the court. Counsel then offered to prove his observations of plaintiff himself by taking the stand; and the court assured him it would be unnecessary for him to be sworn and that "you can tell me anything you want for the record without testifying." But when counsel, accepting this invitation, undertook to describe what he had observed about the plaintiff physically when he had gone to her house that morning, it was stricken out. Counsel was entitled to describe what he saw about plaintiff's appearance and condition both as to "sickness" and "other infirmity"; and if the court refused to hear him, he was entitled to a reasonable time to retain a physician to examine her and report to the court, which was also refused. Concur — Botein, P. J., Valente, Stevens, Eager and Bergan, JJ.